COMMERCIAL CREAMERY COMPANY, a Corporation, Appellant, v. H. P. NIELSON, Trading as Carrington Ice Cream Company, Respondent.

(197 N. W. 590.)

**Sales — evidence held to sustain judgment for defendant on counterclaim in action for goods sold.**

1. In an action to recover for goods sold where the defendant pleaded a counterclaim upon which he recovered a judgment, the evidence is examined and *held* to be sufficient to support the verdict.

Note.—(2) Necessity for requested instruction to make omission available as reversible error, see 14 R. C. L. 795; 3 R. C. L. Supp. 287; 4 R. C. L. Supp. 920; 5 R. C. L. Supp. 778.

**Trial — failure to charge on contentions of party as to terms of contract held not erroneous in view of given charge.**

 2. In the absence of requested instructions, it is not error for the court to omit to charge the jury as to the contentions of one of the parties with respect to the terms of a contract where, under the charge given, the burden of proving the contract alleged by the opposite party as a basis for the counterclaim is placed upon the party alleging it.

.  Opinion filed February 18, 1924.

Sales, 35 Cyc. pp. 227 n. 47; 564 n. 72; 574 n. 78.  Trial, 38 Cyc. p. 1696 n. 64.

Appeal from the District Court of Foster County, *Coffey, J.*
Affirmed.
*W. E. Hoopes,* for appellant.
*Kelly & Morris,* for respondent.

BIRDZELL, J.   This is an action to recover $57 for goods sold to the defendant by the plaintiff.   The defendant in his answer admitted the purchase and the value as stated in the complaint, and alleged, by way of counterclaim, that he had purchased and paid for other similar goods of the plaintiff which the latter had undertaken to deliver in good condition, but that some of them were spoiled and worthless; whereby the defendant had sustained damages in the sum of $180. Upon the trial in district court a verdict was returned in favor of the defendant on the counterclaim for exactly the difference between his counterclaim and the unpaid account sued on $123, with interest.   The plaintiff moved for a judgment notwithstanding the verdict or for a new trial, which motion was denied, and this appeal is from the order denying the motion.   The facts necessary to be stated are, briefly, as follows:  In February, 1920, an agent of the plaintiff creamery company interviewed the defendant Nielson at his place of business in Carrington and solicited the latter to purchase sweetened condensed milk for use in manufacturing ice cream.   While there he inspected the defendant's refrigerator plant, which consisted of a large insulated room cooled by an ice box holding a ton or more of ice.   He stated that this room would be a suitable place in which to store the condensed milk until such time as the defendant would have need for it in his business; that the shipments of whatever quantity the defendant would need to

supply his business for the season should be completed by August 1st
and that the product might properly be stored in the refrigerator; and
that the plaintiff would guarantee ·delivery to him in good condition.
The product was to be shipped in barrels which would not be opened
until there was occasion to use it. Several shipments were made dur-
ing the summer of 1920, for which the defendant paid the price plus
the freight. Upon arrival in Carrington the milk was taken directly
from the railroad station to the refrigerator of the defendant. In
September of 1920 the contents of three of the barrels that were
opened were found to have been spoiled, and to be unfit for use. It
seems that the defendant first discovered that one barrel was spoiled
and some days later ascertained that the other two barrels referred to
were likewise spoiled. After the first discovery he promptly made
a claim against the plaintiff for the amount paid for the barrel plus
freight, and this claim was paid. The record is somewhat indefinite
upon these latter facts owing to the fact that the defendant's testimony
is not in complete harmony· with the statements contained in corres-
pondence had before the suit was begun and, apparently, with some
statements made by an employee of the defendant in a deposition.
The facts stated, however, are as testified to by the defendant without
qualification. Hence, according to his testimony, three barrels of
sweetened milk had been delivered to him which were unfit for use,
although they had been cared for in the manner directed by the plain-
tiff company and under a contract whereby the plaintiff had undertaken
to be responsible for their delivery at Carrington in good condition.
The plaintiff's evidence is, however, to the effect that the delivery was
to be f. o. b. Spokane, Washington, and that the product was to be
and was, in fact, in good condition when delivered for transportation.
There is further evidence of considerable delay during shipment in the
summer time and that, the product is apt to deteriorate or spoil if
subjected to high temperature for a considerable period of time.

Upon this appeal the appellant's principal contentions are that
the evidence does not show an inspection of the goods within a reason-
able time after arrival; that it shows that there was no notice given
to the plaintiff within a reasonable time after discovering that the
product was spoiled, and, third, that the court erred in charging the
jury. We cannot say on this record that it was the duty of the plain-

tiff to inspect the product promptly upon its arrival at its destination. The evidence shows that the product would spoil after the containers were opened if it was not used within a comparatively short time thereafter; also, that it was contemplated by the parties that the defendant would store a supply of the condensed milk in his refrigerator for use during the season as his business required. It does not seem to have been within the contemplation of the parties that the barrels should be opened for inspection as received.

With regard to the promptness in notifying plaintiff after the discovery of the spoiled condition of the contents of some of the barrels, the defendant testifies affirmatively that he notified the plaintiff promptly upon making the discovery. However, in a letter dated September 13, 1920, in which he presented the claim for one barrel, which claim the plaintiff paid, he stated that this was the second barrel; and a former employee, testifying by deposition, stated that he was working for the defendant in the spring of 1920; that he had examined during his stay there about thirty-two barrels coming from the plaintiff company and that three of them were spoiled. Appellant assumes and argues that this witness' testimony relates to discoveries made in the spring, but we do not so read his deposition. It does not appear when the witness left the employ of the defendant, and if, as he swears, he examined thirty-two barrels of the product supplied by the plaintiff company, he must have worked for the defendant during the summer of 1920, for the plaintiff's account, which is an exhibit in this case, shows deliveries running from March to November of 1920 and which aggregate only about the quantity that the witness states he opened and inspected. As we view the record, there is ample evidence that the defendant notified the plaintiff within a reasonable time after the discovery of the spoiled condition.

It is contended that the court erred in its charge to the jury in that it did not charge upon the contention and the evidence of the plaintiff to the effect that the goods were to be delivered f. o. b. Spokane, and that it did not cover the issue of the promptness in notifying the plaintiff of the defective condition within a reasonable time after discovery. There were no requests to charge, and it appears that the court correctly charged the jury that the burden was upon the defendant to establish his counterclaim by a preponderance of the evidence, and, in

stating the basis of the counterclaim, the court stated, as a part thereof, the allegation that immediately upon the discovery of the condition of the goods the defendant informed the plaintiff of the same and demanded a refund of the purchase price. Likewise, in stating the defendant's contentions, he stated that it was his contention that there was an agreement that the goods purchased were to be in good condition, and he required the jury to find that there was an agreement between the parties as to the delivery of the goods in good condition at Carrington before the defendant would be entitled to recover. These instructions were clearly proper; they seem to cover the counterclaim fully and to be entirely appropriate under the evidence. The mere failure to instruct the jury affirmatively that if they should find the contract to be as contended for by the plaintiff, they must find for the plaintiff, does not amount to a misdirection, as this was clearly implied in that part of the instruction which placed the burden upon the defendant to establish every element under the terms of the contract that he had alleged.

Order affirmed.

BRONSON, Ch. J., and JOHNSON, CHRISTIANSON, and NUESSLE, JJ., concur.